MITCHELL + COMPANY
Brian E. Mitchell (SBN 190095)
*brian.mitchell@mcolawoffices.com*
Marcel F. De Armas (SBN 289282)
*mdearmas@mcolawoffices.com*
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3515
Facsimile: (415) 402-0058

Attorneys for Plaintiff
WORLDPANTRY.COM INC.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| WORLDPANTRY.COM INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LANDMARK TECHNOLOGY LLC,<br><br>　　　　Defendant. | Case No. 17-cv-04837<br><br>**COMPLAINT FOR (1) DECLARATORY JUDGMENT OF INVALIDITY AND (2) DECLARATORY JUDGMENT OF NON-INFRINGEMENT of U.S. PATENT NO. 6,289,319**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff WorldPantry.com, Inc. ("Plaintiff" or "WorldPantry") files this Complaint for Declaratory Judgment of Non-Infringement and Declaratory Judgment of Invalidity of U.S. Patents No. 6,289,319 (the '319 Patent) against Defendant Landmark Technology, LLC, based on its claims of infringement directed towards WorldPantry's customers, including its customer Oberto Brands, stating as follows:

## THE PARTIES

1. WorldPantry is a corporation organized under the laws of Delaware, with its principal place of business in San Francisco, California.

2. On information and belief, Defendant Landmark Technology LLC ("Landmark Technology") is a Delaware limited liability company and having its principal place of business at 329 Laurel Street, San Diego, California 92102.

3. On information and belief, PanIP, LLC was the predecessor to Landmark Technology.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1338 because the Complaint states claims arising under an Act of Congress relating to patents, 35 U.S.C. § 271.

5. This Complaint also arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* based on Defendants' accusations towards Plaintiff for patent infringement and pattern of actual litigation, thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Landmark Technology. Upon information and belief, Landmark Technology conducts substantial business in this judicial district, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from individuals and entities in California.

7. More specifically, since September 2008, Landmark Technology has been involved in 46 lawsuits asserting the '319 Patent, of which six suits, excluding this one, have been or are being litigated in California. And as PanIP, LLC, Landmark Technology filed 17

additional lawsuits, 16 of which were in California involving the '319 Patent and other related patents.

8. As "PanIP, LLC," Landmark Technology regularly, continuously, and systematically availed itself of the California federal district courts, and repeatedly used these courts as a preferred forum for asserting the '319 Patent.

9. By its own admission, Landmark Technology files patent infringement lawsuits against companies that refuse to pay the requested sum in Landmark's licensing demand letters. *See, e.g.*, *Landmark Technology, LLC v. G Stage Love.com Inc.*, S.D. Cal. Case No. 3:16-cv-00760, Dkt. No. 1, ¶ 11 ("Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent."); *Landmark Technology, LLC v. Canada Drugs LP*, S.D. Cal. Case No. 3:16-cv-00558, Dkt. No. 1, ¶ 11 ("On or about November 16, 2015, Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent."); *Landmark Technology, LLC v. YOOX Corp.*, E.D. Tex. Case No. 6:15-cv-00069, Dkt. No. 1, ¶ 8 ("On or about September 19, 2014, Plaintiff provided notice to Defendant informing Defendant of the '319 Patent and that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent.").

10. Not one of the 63 lawsuits involving Landmark Technology or PanIP, LLC has made it as far as claim construction. In fact, only eight defendants have ever filed an Answer: five consolidated defendants filed answers in U.S. District Court for the Eastern District of Texas, one defendant filed its answer in U.S. District Court for Eastern District of North Carolina, and two declaratory judgment plaintiffs answered counterclaims in cases previously pending before this Court. The 55 remaining cases appear to have been resolved prior to the deadline to answer.

11. On information and belief, Landmark Technology has sent letters to numerous other companies, including numerous other companies based in California, asserting infringement of the '319 Patent and demanding payment of money.

12. On information and belief, as "PanIP, LLC," Landmark Technology has sent letters to numerous companies, including companies based in California, asserting infringement of the '319 Patent and demanding payment of money.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTUAL BACKGROUND

**A. The Patent-in-suit**

14. On September 11, 2001, U.S. Patent No. 6,289,319 (the "'319 Patent"), entitled Automatic Business and Financial Transaction Processing System, was issued.

15. The '319 Patent is directed to an automatic data processing system for processing business and financial transactions between entries from remote sites.

16. Subsequently, the '319 Patent went through two *Ex Parte* Reexaminations during which 22 new dependent claims were added. Certificates for the Ex Parte Reexaminations Issued on July 17, 2007 and January 9, 2013.

17. As a representative claim, Claim 1 of the '319 Patent claims as follows:

> 1. An automatic data processing system for processing business and financial transactions between entities from remote sites which comprises:
>
> *a central processor programmed and connected to process a variety of inquiries and orders* transmitted from said remote sites;
>
> *said central processor including:*
>
> *means for receiving information* about said transactions from said remote sites;
>
> *means for retrievably storing* said information;
>
> at least one terminal at each of said remote sites including a data processor and operational sequencing lists of program instructions;
>
> *means for remotely linking said terminal to said central processor and for transmitting data back and forth between said central processor and said terminal;*
>
> said terminal further comprising *means for dispensing* information and

services for at least one of said entities including:

a video screen;

***means for holding operational data*** including programing, informing, and inquiring sequences of data;

***means for manually entering*** information;

***means for storing information, inquiries and orders*** for said transactions entered by one of said entities via said means for manually entering information, and data received through and from said central processor;

***on-line means for transmitting*** said information, inquiries, and orders ***to said central processor***;

***on-line means for receiving data*** comprising operator-selected information and orders ***from said central processor*** via said linking means;

***means for outputting*** said informing and inquiring sequences on said video screen in accordance with preset routines and in response to data entered through said means for entering information;

***means for controlling*** said means for storing, means for outputting, and means for transmitting, including ***means for fetching*** additional inquiring sequences in response to a plurality of said data entered through said means for entering and in response to information received from said central processor;

said informing sequences including directions for operating said terminal, and for presenting interrelated segments of said operational data describing a plurality of transaction operations;

said programming sequences including ***means for interactively controlling*** the operation of said video screen, data receiving and transmitting means; and for selectively retrieving said data from said means for storing;

said means for storing comprising means for retaining said operational sequencing list and means responsive to the status of the various means for controlling their operation;

***said central processor further including:***

***means responsive to data received*** from one of said terminals for immediately transmitting selected stored information to said terminal; and

***means responsive to an order received*** from a terminal for updating data in said means for storing;

>whereby said system can be used by said entities, each using one of said terminals to exchange information, and to respond to inquiries and orders instantaneously and over a period of time.

'319 Patent, Claim 1 (emphasis added).

### B. Landmark's Letter Threatening Litigation

18. Landmark Technology is in the business of patent licensing through the threat of litigation—commonly referred to as a patent troll. And a key part of Landmark Technology's business model is sending letters threatening patent litigation and following through on that threat.

19. On or about June 2, 2017, Landmark Technology sent a form letter (the "Landmark Letter") to WorldPantry's customer Oberto Brands, asserting that eCommerce system http://shop.oberto.com infringes the '319 Patent, and claiming that the specific functionalities implemented by the servers and devices allegedly interfaced to Oberto's web servers constitutes use of the technology taught within the meaning of the claims of the '319 patent. A true and correct copy of the Landmark Letter is attached as Exhibit A.

20. The Landmark Letter concludes with an offer for a non-exclusive license to Landmark's patent portfolio, which includes the '319 Patent, in exchange for $75,000.

21. However, the accused system http://shop.oberto.com that is identified in Landmark's letter **is not** provided by Oberto Brands. Rather, this accused system is designed, developed, and owned by WorldPantry. WorldPantry is responsible for maintaining, running, and managing, the accused system http://shop.oberto.com and it is responsible for fulfilling all orders that are placed by a customer on this site. Oberto Brands has no control over the operation of the accused system http://shop.oberto.com.

22. Indeed, WorldPantry owns, and subsequently resells to the consumer, the Oberto products that are purchased by a consumer directly from http://shop.oberto.com. WorldPantry is solely responsible for the fulfillment of products purchased by customers through this system, and operates a warehouse in California where products are stored that it has purchased from Oberto and its other customers. When WorldPantry receives orders through the accused system for products it has purchased from Oberto and its other customers, then WorldPantry warehouse

1  employees physically remove the products from its warehouse, package them, and send them to
2  the customer.
3      23.     Accordingly, if the accused system infringes on the '319 Patent, which it does not,
4  then such infringement would be attributable to the software and hardware provided by
5  WorldPantry, and not Oberto Brands.
6      24.     On June 30, 2017, Oberto Brands gave WorldPantry notice of Landmark's claim
7  that WorldPantry's system infringed and demanded that WorldPantry indemnify Oberto in
8  response to Landmark's claims. WorldPantry agreed to indemnify Oberto, and to take control of
9  its defense in response to Landmark's claims.
10     25.     WorldPantry operates the same eCommerce backbone for all its customers, which
11 are found at a "http://shop.[client domain name].com" URL.  WorldPantry strives to maintain
12 seamless transition between its customer's website and the accused system in terms of color, style,
13 and branding.  But, in all cases, it is WorldPantry and not its customers that provides the system
14 that Landmark alleges infringes the '319 Patent.

### COUNT I – DECLARATION OF INVALIDITY
(U.S. Patent No. 6,289,319)

16     26.     WorldPantry restates and incorporates by reference the allegations in paragraphs 1
17 through 25 of this Complaint as if fully set forth herein.
18     27.     Landmark Technology claims to have exclusive rights, title, and interest to the '319
19 Patent.
20     28.     Landmark Technology has demanded that WorldPantry's customer take a license to
21 the '319 Patent, as well as to the entire Landmark Technology Patent Portfolio, based on
22 functionality that WorldPantry provides.
23     29.     Landmark Technology, or its predecessor in interest, has asserted the '319 Patent
24 50 of the 55 times it has been litigated.  And Landmark Technology, or its predecessor in interest,
25 has asserted in court one or more patents from its portfolio 110 times.  Not only does this
26 demonstrate a pattern of litigious zeal, but the fact that roughly half of Landmark Technology's

patent litigation involves the '319 Patent creates a reasonable fear that WorldPantry's customer, and/or its other customers, will be one or more of Landmark Technology's next target or targets.

30.     Accordingly, a substantial, immediate, and real controversy exists between WorldPantry and Landmark Technology regarding whether the claims of the '319 Patent are valid.

31.     The claims of the '319 Patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.

32.     The claims of the '319 Patent do not constitute patentable subject matter pursuant to 35 U.S.C. § 101, and therefore are an invalid patent on an abstract idea.  The '319 Patent claims the abstract idea of automated data processing of business transactions.  Nothing in the claims, "transform the nature of the claims" into patent eligible subject matter. *Mayo Collaborative Services v. Prometheus Labs., Inc.*, 566 U.S. 10 (2012).  Furthermore, "[t]he mere visitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

33.     Additionally, the '319 Patent is invalid as anticipated pursuant to § 102 or as obvious pursuant to § 103.   Prior art that renders the '319 Patent anticipated and/or obvious includes, but is not necessarily limited to:

- U.S. Patent No. 4,994,964 (Wolfberg); and
- U.S. Patent No. 6,105,007 (Norris).

34.     The claims of '319 Patent are invalid because the specification does not provide any structure for the numerous means plus function clauses recited in the claims other than generic computer parts.

35.     Based on Landmark Technology's letter, its threat of litigation for patent infringement, its pattern of carrying out its threat, and other characteristics typical of a patent troll, as well as WorldPantry' denial of infringement on behalf of itself and its customers, an actual case or controversy exists as to whether the technology that WorldPantry provides to its customers infringes any valid claim of the '319 Patent, and WorldPantry is entitled to a declaration that the claims of the '319 Patent are invalid.

## COUNT II – DECLARATION OF NON-INFRINGEMENT
(U.S. Patent No. 6,289,319)

36. WorldPantry restates and incorporates by reference the allegations in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Landmark Technology claims to have exclusive rights, title, and interest in the '319 Patent.

38. Landmark Technology has demanded that WorldPantry's cutomer(s) take a license to the '319 Patent, as well as to the entire Landmark Technology Patent Portfolio.

39. Based on Landmark Technology's letters, its repeated accusations of patent infringement, its pattern of and fondness for litigation, and WorldPantry' denial of infringement on behalf or itself, Oberto Brands, and its other customers, a substantial, immediate, and real controversy exists between WorldPantry and Landmark Technology regarding whether WorldPantry and its customers directly or indirectly infringes or has infringed the '319 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '319 Patent.

40. WorldPantry seeks a judgment declaring that WorldPantry's technology does not directly or indirectly infringe any claim of the '319 Patent.

## PRAYER FOR RELIEF

WHEREFORE, WorldPantry respectfully prays for the following relief:

A. A declaration that WorldPantry' services, systems, and practices do not infringe the '319 Patent;

B. A declaration that '319 Patent is invalid;

C. That Landmark Technology be enjoined from enforcing any patent related to the '319 Patent against WorldPantry, Oberto Brands, and WorldPantry's other customers;

D. A determination that this is an exceptional case and an award of all costs and attorneys' fees to WorldPantry;

E. That WorldPantry be awarded its costs of suit, and pre- and post-judgment interest on any money amount; and

F.  Any other relief as this Court deems just and proper.

Dated: August 17, 2017

Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 766-3515
Facsimile:    (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Attorneys for Plaintiff
WORLDPANTRY.COM INC.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims as to which it has a right to a jury.

Dated:  August 17, 2017                                              Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:    (415) 766-3515
Facsimile:     (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Attorneys for Plaintiff
WORLDPANTRY.COM INC.